UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RYDON CLYDE TETON,<br><br>    Defendant. | Case No. 4:18-cr-00236-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are Defendant Rydon Clyde Teton's Motion to Reduce Sentence (Dkt. 113), Motion/Request for Self-Incrimination Immunity (Dkt. 115), and Motion to Appoint Counsel (Dkt. 119). The Government opposes the Motion to Reduce Sentence. Dkt. 142.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES each of Teton's motions.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On July 24, 2018, a federal grand jury indicted Defendant Rydon Clyde Teton on one charge of Second Degree Murder, in violation of 18 U.S.C. § 111 and 1153, and one charge of Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S. C. § 924(c)(1(A). Dkt. 1.

On August 8, 2023, Teton entered into a plea agreement in which he agreed to plead guilty to the charge of voluntary manslaughter and the charge of Use of a Firearm During and in Relation to a Crime of Violence. Dkt. 67. In this agreement, Teton admitted unlawfully killing the victim by shooting him—either intentionally or recklessly with extreme disregard for human life—and acknowledged that he committed the offense using a firearm. Dkt. 67. Pursuant to the plea agreement, the Government filed a Superseding Information reflecting the new counts. Dkt. 73.

On August 24, 2023, the Court accepted Teton's guilty plea as to both charges alleged in the superseding information. Dkt. 79. On January 18, 2024, the Court sentenced Teton to 133 months and 9 days on Count One (voluntary manslaughter), and to a consecutive term of 120 months on Count Two (use of a firearm during and in relation to a crime of violence), for a total sentence of 253 months and 9 days. Dkt. 96.

Since sentencing, Teton has filed several pro se motions. The first, filed on June 4, 2024 (Dkt. 113), is a Motion to Reduce Sentence, seeking relief based on recent amendments to the United States Sentencing Guidelines, effective in 2025. Dkt. 113. Teton specifically referenced changes to U.S.S.G. § 1B1.3 (relevant conduct) and concerns regarding his consecutive sentence under 18 U.S.C. § 924(c).

MEMORANDUM DECISION AND ORDER - 2

On June 24, 2024, Teton filed a second pro se document titled "Motion/Request for self incrimination immunity." Dkt. 115. The basis for the motion is unclear, and Teton does not specify what conduct any purported immunity would apply to or what relief he is ultimately seeking.

On July 18, 2024, Teton filed a Motion to Appoint Counsel. Dkt. 119. He states that he wishes to pursue a claim of ineffective assistance of counsel and requests that new counsel be appointed for that purpose. Dkt. 119.[2]

The Government responded to Teton's Motion to Reduce Sentence (Dkt. 96) on January 31, 2025. Dkt. 142. In its response, the Government explains why the 2024 Sentencing Guidelines amendments do not apply to Teton's case and includes an assessment by U.S. Probation Officer Ryan Lesmeister, who prepared the original Presentence Investigation Report.

The Government did not respond to Teton's other filings.

In sum, Teton brings one motion seeking relief and two separate procedural motions. First, he seeks a sentence reduction based on recent amendments to the United States Sentencing Guidelines. Dkt. 113. Second, he has filed a motion titled "Motion/Request for self incrimination immunity," the substance of which is unclear. Dkt. 115. Third, and finally, Teton requests Appointment of Counsel to pursue a claim of ineffective assistance of counsel. Dkt. 119.

---

[2] On August 19, 2024, Teton also filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. Dkt. 124. Per statute, that Motion was converted into a separate civil case (Case No. 4:24-cv-00376-DCN). The Court will not discuss that motion (or case) here today.

### III. LEGAL STANDARD

A. **Motion to Reduce Sentence (Dkt. 113)**

A sentence of imprisonment may be modified only as expressly authorized by federal statute. *Dillon v. United States*, 560 U.S. 817, 824 (2010). Under 18 U.S.C. § 3582(c)(2), a sentencing reduction is permitted when the Sentencing Commission lowers the guideline range applicable to a defendant and expressly makes the amendment retroactive. *See* U.S.S.G. § 1B1.10(a). A sentence may not be reduced under § 3582(c)(2) unless the applicable amendment actually lowers the defendant's guideline range. *See* U.S.S.G. § 1B1.10(a)(2). Absent such a change, courts lack authority to grant relief.

B. **Motion/Request for Self-Incrimination Immunity (Dkt. 115)**

A request for immunity from self-incrimination is governed by the Fifth Amendment and applicable statutory frameworks. *Kastigar v. United States*, 406 U.S. 441, 443-45 (1972). Use and derivative-use immunity must typically be conferred by the Government, not the judiciary, and is generally addressed within the context of compelled testimony or an ongoing proceeding. *Id*. at 444–45. Where no active proceeding is identified and no risk of compelled self-incrimination is shown, courts decline to issue advisory rulings on abstract immunity requests. *See Id.*

### IV. DISCUSSION

A. **Motion to Reduce Sentence**

Teton seeks a sentence reduction based on the 2024 amendments to the United States Sentencing Guidelines, specifically referencing changes to U.S.S.G. § 1B1.3 (relevant conduct). Teton also expresses concerns about the mandatory consecutive nature

of his sentence under 18 U.S.C. § 924(c). Although Teton does not cite 18 U.S.C. § 3582(c)(2), the Court construes the motion as brought under that provision.

As the Government correctly explains in its response (Dkt. 142), the 2024 amendment to § 1B1.3 eliminates the use of acquitted conduct in calculating guideline ranges. However, that amendment is inapplicable here because Teton did not proceed to trial and was not acquitted of any charges. He pleaded guilty to both voluntary manslaughter and the use of a firearm during and in relation to a crime of violence. Dkt. 67. Simply put, the amendment Teton references is not applicable here.

Teton also raises concerns about his consecutive sentence under § 924(c). The only potentially relevant 2024 amendment addressing consecutive sentences appears in Application Note 4(B) to U.S.S.G. § 2K2.4. That amendment clarifies how offenses may be grouped for guideline purposes. As Probation Officer Ryan Lesmeister explained, and as the Government confirms, Teton's § 924(c) count was not grouped because the statute requires a mandatory consecutive sentence. Dkt. 142. Moreover, grouping would have increased, rather than reduced, Teton's total guideline range. Again, this amendment is irrelevant to Teton.

Therefore, the 2024 amendments Teton raises in his Motion do not apply in a manner that would authorize the Court to reduce his sentence under § 3582(c)(2). Accordingly, Teton's motion to reduce sentence is DENIED.

### B. Motion for Self-Incrimination Immunity

Teton's second motion is styled as "Motion/Request for self incrimination immunity." Dkt 115. The Motion does not specify the proceeding in which Teton seeks

immunity, the nature of the conduct at issue, or the legal basis for the request. Nor does it identify any instance of compelled testimony or other concrete risk of self-incrimination.

Absent a pending proceeding and a developed factual basis, the Court cannot grant abstract immunity or issue an advisory opinion on speculative risks. *See Kastigar*, 406 U.S. at 443-45. Given the lack of clarity in the filing, and in light of Teton's pro se status, the Court will deny the motion without prejudice. If Teton wishes to seek immunity in relation to a specific proceeding, he must clearly identify the context and the legal grounds for such relief. Accordingly, the motion to self-incrimination immunity is DENIED WITHOUT PREJUDICE.

### C. Motion to Appoint Counsel

Finally, with respect to Teton's request for appointment of counsel (Dkt. 119), there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Rather, the decision whether to appoint counsel in post-conviction proceedings (such as motions asserting collateral claims of ineffective assistance of counsel) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not find any circumstances warranting the appointment of Counsel. Accordingly, the Court DENIES Teton's request to appoint counsel.

### V. CONCLUSION

In sum, Teton has not shown that any recent amendments to the United States Sentencing Guidelines apply to his case or authorize a reduction in his sentence under 18

U.S.C. § 3582(c)(2). He has also failed to articulate a basis for self-incrimination immunity or identify a pending proceeding in which such relief would be appropriate. Finally, because no collateral proceeding is currently pending and no exceptional circumstances exist, the Court declines to appoint counsel. Accordingly, the Court must DENY each of Teton's Motions.

## VI. ORDER

The Court HEREBY ORDERS:

1. Teton's Motion to Reduce Sentence (Dkt. 113) is DENIED.

2. Teton's Motion/Request for Self-Incrimination Immunity (Dkt. 115) is DENIED WITHOUT PREJUDICE.

3. Teton's Motion to Appoint Counsel (Dkt. 119) is DENIED.

DATED: April 9, 2025

David C. Nye
Chief U.S. District Court Judge